NVB 4001 (Rev. 12/15)

# * * § 362 INFORMATION SHEET * *

JUSTIN JOHN BOOKER,
LAVONNA LOUISE BOOKER
DEBTOR

BK- 20-14219-nmc

MOTION #: GB-1

Carvana, LLC
MOVANT

CHAPTER: 7

***Certification of Attempt to Resolve the Matter Without Court Action:***

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:* 09/25/2020 *Signature:* Allison Schmidt, Esq.
*Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: 2016 Chevrolet Sonic

NOTICE SERVED ON: Debtor(s) ✔ ; Debtor's counsel ✔ ; Trustee ✔ ;

DATE OF SERVICE: ____________

MOVING PARTY'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

1st $10,389.08 as of September 16, 2020.
2nd ____
3rd ____
4th ____
Other: ____
Total Encumbrances: $10,389.08

APPRAISAL of OPINION as to VALUE:

$10,425.00 based on NADA valuation.

DEBTOR'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

1st ____
2nd ____
3rd ____
4th ____
Other: ____
Total Encumbrances: ____

APPRAISAL of OPINION as to VALUE:

TERMS of MOVANT'S CONTRACT with the DEBTOR(S)::

Amount of Note: $14,142.50
Interest Rate: 16.05
Duration: 72 months.
Payment per Month: 308.00
Date of Default: 07/22/2020
Amount in Arrears: $616.00
Date of Notice of Default: ____
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: Allison Schmidt, Esq.
/S/ Allison Schmidt, Esq.

DEBTOR'S OFFER of "ADEQUATE PROTECTION"for MOVANT :

.
.
.
.
.
.
.

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: ____
SIGNATURE: ____

Allison Schmidt, Esq.
Nevada State Bar # 10743
GHIDOTTI BERGER, LLP
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: aschmidt@ghidottiberger.com

Attorney for Secured Creditor
Carvana, LLC, its successors and assigns

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA, LAS VEGAS**

In re:

JUSTIN JOHN BOOKER,
LAVONNA LOUISE BOOKER,

Debtors.

**CASE NO.: 20-14219-nmc**
**Chapter 7**

**MOTION FOR RELIEF FROM STAY (11 U.S.C. *Section* 362 Bankruptcy Rule 4001)**

## I. INTRODUCTION

**COMES NOW**, Carvana, LLC, its successors and/or assigns ("Movant") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its interest held in the 2016 Chevrolet Sonic, VIN#1G1JC5SH4G4162561 ("Vehicle") by virtue of the Contract and Title described below and attached as exhibits to this motion and memorandum. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

Prior to the filing of the Motion for Relief from the Automatic Stay, counsel attempted to

resolve the matter outside of court.  However, those attempts were not successful.

## II. JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**"). This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III. STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the Vehicle that is the subject of the motion. In the case at bar, Movant's claim is based on the Contract and Title attached to the declaration in support of Movant's Motion for Relief from Stay, on file with the Court.  Movant's interest in the Contract and Title is described below.

## IV. THE CONTRACT AND TITLE

On or about September 3, 2017, Debtor, JUSTIN JOHN BOOKER ("Debtor") executed a Contract in favor of Movant in the original principal amount of $14,142.50 ("Contract"). Movant is an entity entitled to enforce the Contract.

The debt described by the Contract by the Vehicle as evidenced by a Certificate of Title ("Title") naming Movant as the legal owner thereof.

Subsequent to the execution of the Contract and Title, Debtor has filed for protection under Chapter 7 of Title 11 of the United States Code on August 27, 2020.

As of September 16, 2020, the approximate total payoff is $10,389.08. The last payment was received on July 25, 2020, which made the account due for the for the July 22, 2020 payment. The Debtor is currently delinquent $616.00.

The current value of the Vehicle as of September 16, 2020 according to the NADA Used Car Guide is $10,425.00.

///
///
///
///

## V. AUTHORITY

### A. Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant. The Debtor has not made a payment to Movant in nearly **two (2) months**. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204))*. The Debtor's failure to tender regular ongoing monthly payments is sufficient cause to terminate the automatic stay.

### B. Cause Exists to Grant Relief Pursuant to Section 362(d)(2); Lack of Equity

There appears to be no equity with respect to the subject Vehicle, and the Vehicle is not necessary for effective reorganization. Based upon the $10,425.00 valuation, there is no equity in the Vehicle as Movant is owed approximately $10,389.08. Consequently, pursuant to 11 U.S.C. Section 362(d)(2) cause exists to grant relief from stay.

## VI. CONCLUSION

Based on the foregoing, Movant alleges that it is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the collection of the Vehicle. Further, Debtor does not have sufficient equity in the Vehicle. Accordingly, relief from the automatic stay should be granted to Creditor pursuant to 11 U.S.C. §362(d)(1) and (2).

**THEREFORE**, Movant respectfully requests an Order be entered by this Court as follows:

1. An Order Terminating the Automatic Stay, permitting Movant to continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially

reasonable manner without further Hearing before this Court pursuant to applicable state law;

2. For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

3. For an Order binding and effective despite any conversion of this case.

4. For such other relief as this Court deems appropriate

**GHIDOTTI BERGER, LLP**

DATED: September 25, 2020

By: /s/ Allison Schmidt
Allison Schmidt, Esq., Nevada State Bar # 10743
Attorney for Movant

Allison Schmidt, Esq.
Nevada State Bar # 10743
GHIDOTTI BERGER, LLP
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: aschmidt@ghidottiberger.com

Attorney for Secured Creditor
Carvana, LLC, its successors and assigns

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA, LAS VEGAS**

| | |
|---|---|
| In re:<br><br>JUSTIN JOHN BOOKER,<br>LAVONNA LOUISE BOOKER,<br><br>Debtors. | **CASE NO.: 20-14219-nmc**<br>**Chapter 7**<br><br>**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY (11 U.S.C. *Section* 362 Bankruptcy Rule 4001)** |

I, Samantha Riley, declare and state as follows:

1. I am over the age of eighteen years and not a party to this action. The facts set for the below are known to me personally based upon the review of the business records and I have first-hand knowledge of them. If called as a witness, I could and would testify competently under oath to such facts.

2. I am a(n) Operations Manager at Carvana, LLC ("Movant") and am familiar with the subject Contract in favor of Movant, and the subject Bankruptcy case.

3. I am familiar with the manner and procedure by which the records of Movant are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by employees or agents of Movant in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by person with such knowledge. It is my business practice to maintain these records in the regular course of business.

4. Movant has been responsible for the handling of all matters relative to the underlying Contract prior to the filing of the within motion, including but not limited to processing of all payments received, crediting of received payments, adding all proper charges to the Contract, confirming the maintenance of insurance, communicating with and responding to the borrower on all matters relative to the Contract.

5. Debtor executed a contract dated September 3, 2017, in the principal amount of $14,142.50 ("Contract"). Movant is an entity entitled to enforce the Contract. A copy of the Contract is attached hereto as **Exhibit "1"**.

6. All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2016 Chevrolet Sonic, VIN#1G1JC5SH4G4162561 ("Vehicle") as evidenced by a Certificate of Title ("Title") naming Movant as the legal owner thereof. A copy of the Title is attached hereto as **Exhibit "2"**.

7. On August 27, 2020, Debtor filed a Chapter 7 Bankruptcy petition commencing the instant in the United States Bankruptcy Court for the District of Nevada.

8. As of September 16, 2020, the approximate total payoff is $10,389.08. The last payment was received on July 25, 2020, which made the account due for the for the July 22, 2020 payment. The Debtor is currently delinquent $616.00.

9. The current value of the Vehicle as of September 16, 2020 according to the NADA Used Car Guide is $10,425.00. A true and correct copy of the valuation is attached hereto as **Exhibit "3"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 9/23/2020 (Date) Mesa (City), AZ (State)

Signature

**Samantha Riley**

Print Name

# EXHIBIT “1”

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

WY-102 10/10/2015

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
CARVANA, LLC
63 PIERCE RD
WINDER GA 30680-7280

**Buyer(s) Name(s) and Address(es)**
Justin Booker
223 Little Valley Trl
Cheyenne WY 82007

**Summary**
No. ____________
Date 09/03/17

☐ Business, commercial or agricultural purpose Contract.

If the "Business, commercial or agricultural purpose Contract" box is checked, Buyer is: ☐ an individual. ☐ a corporation or partnership.

## *Truth-In-Lending Disclosure*

| **Annual Percentage Rate** | **Finance Charge** | **Amount Financed** | **Total of Payments** | **Total Sale Price** |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 1,200.00. |
| 16.05 % | $ 7,925.49 | $ 14,142.50 | $ 22,067.99 | $ 23,267.99 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 308.00 | monthly beginning 10/04/17 |
| 1 | $ 199.99 | 09/04/23 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the greater of 5% of the unpaid amount of the payment due or $10.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## *Description of Property*

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | Chevrolet | Sonic | Sedan | 1G1JC5SH4G4162561 | 14353 |

☐ New
☒ Used
☐ Demo

Other:
N/A

## *Description of Trade-In*

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

## *Conditional Delivery*

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing (*"Agreement"*) applies: N/A N/A. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## *Sales Agreement*

**Payment.** You promise to pay us the principal amount of $ 14,142.50 plus finance charges accruing on the unpaid balance at the rate of 16.05 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

Retention Copy

This retention copy was created on Sep 07, 2017 04:49:26 PM for Carvana, LLC.

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 637.50 ) | $ 13,387.50 |
| b. | Trade-in allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes k): N/A | $ N/A |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. | Cash payment | $ 1,200.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ N/A |
| i. | **Down Payment** (d+e+f+g+h) | $ 1,200.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ 12,187.50 |
| k. | Financed trade-in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 456.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | To: Delivery Fees | $ 399.00 |
| o. | To: Vehicle Protection | $ 1,100.00 |
| p. | To: N/A | $ N/A |
| q. | To: N/A | $ N/A |
| r. | To: N/A | $ N/A |
| s. | To: N/A | $ N/A |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: N/A | $ N/A |
| x. | To: N/A | $ N/A |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ 1,955.00 |
| z. | **Prepaid Finance Charge** | $ 0.00 |
| aa. | **Amount Financed** (j+y-z) | $ 14,142.50 |

We may retain or receive a portion of any amounts paid to others.

*[This area intentionally left blank.]*

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single ☐ Joint ☐ None

Premium $ N/A Term N/A

Insured N/A

**Credit Disability**

☐ Single ☐ Joint ☐ None

Premium $ N/A Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A N/A

**By:** **DOB**

N/A N/A

**By:** **DOB**

N/A N/A

**By:** **DOB**

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company you choose that is reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000 . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov. $ N/A

☐ $ N/A Deductible, Comprehensive $ N/A

☐ Fire-Theft and Combined Additional Cov. $ N/A

☐ N/A $ N/A

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

*[This area intentionally left blank.]*

Retention Copy

This retention copy was created on Sep 07, 2017 04:49:26 PM for Carvana, LLC.

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Gap Waiver or Gap Coverage**

Term 60 months

Price $ 1,100.00

Coverage Carvana Vehicle Protection

☐ ____________________

Term N/A

Price $ N/A

Coverage N/A

☐ N/A

Term N/A

Price $ N/A

Coverage N/A

eSigned By: Justin — Aug 26, 2017 7:54:46 PM MDT 09/03/17

**By:** Justin Booker **Date**

N/A N/A

**By:** **Date**

N/A N/A

**By:** **Date**

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments and you purchased the Property for personal, family, or household use, you may refinance that payment when due at our prevailing rates and terms if you meet our credit standards at that time. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**Governing Law and Interpretation.** This Contract is governed by the law of Wyoming and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our reasonable attorneys' fees, on referral of this Contract to an attorney not a salaried employee of ours. You also agree to pay the reasonable expenses we incur realizing on any Property.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

Retention Copy

This retention copy was created on Sep 07, 2017 04:49:26 PM for Carvana, LLC.

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A N/A

**By:** **Date**

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

Retention Copy

Retail Installment Contract-WY Not for use in transactions secured by a dwelling. RSSIMVLFLZWY 10/10/2015
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
Page 4 of 5

This retention copy was created on Sep 07, 2017 04:49:26 PM for Carvana, LLC.

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

eSigned By: Justin Aug 26, 2017 7:54:46 PM MDT 09/03/17

**By:** Justin Booker **Date**

N/A N/A

**By:** **Date**

N/A N/A

**By:** **Date**

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

eSigned By: Justin Aug 26, 2017 7:54:46 PM MDT 09/03/17

**By:** Justin Booker **Date**

N/A N/A

**By:** **Date**

N/A N/A

**By:** **Date**

**Seller**

09/03/17

**By:** CARVANA, LLC **Date**

**Assignment.** This Contract and Security Agreement is assigned to

______________________________

______________________________ ,

the Assignee, phone ______________ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐ This Assignment is made with recourse.

**Seller**

______________________________

**By:** **Date**

Retention Copy

This retention copy was created on Sep 07, 2017 04:49:26 PM for Carvana, LLC.

CARVANA

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: September 09, 2019

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

# EXHIBIT "2"



# WYOMING

TITLE NO. 02-2009309

OFFICE OF COUNTY CLERK

LARAMIE COUNTY

CHEYENNE, WYOMING

FEE $15.00

DATE ISSUED 10/2/2017 3:06 PM

# CERTIFICATE OF TITLE

| MAKE | YEAR | VEHICLE IDENTIFICATION NO. HULL IDENTIFICATION NO. | BODY STYLE VESSEL TYPE | HULL MATRL. | PROPLSN | ENGINE DRIVE |
|---|---|---|---|---|---|---|
| CHEV | 2016 | 1G1JC5SH4G4162561 | 4DR | | | |

| FACTORY PRICE | STATE | PRIOR TITLE NO. | SELLER | ODOMETER VESSEL LENGTH | PURCH. DATE |
|---|---|---|---|---|---|
| $16,155 | FL | [redacted] | CARAVANA LLC WINDER, GA | 014353 | 09/03/2017 |

OWNER
BOOKER, JUSTIN
223 LITTLE VALLEY TRL
CHEYENNE WY 82007

Actual Mileage

VEHICLE BRAND

IN WITNESS WHEREOF, I have hereunto caused this Certificate to be signed and the official seal of this office to be placed thereon.

By DEBRA K. LEE
County Clerk

Linda Carter
Deputy
(SEAL)

LARAMIE COUNTY CLERK SEAL STATE OF WYOMING

** FOR COUNTY CLERK'S USE ONLY **

| | | |
|---|---|---|
| FIRST LIEN | 10/02/2017 $22,067.99 U-910952<br>CARAVANA LLC<br>Security Agreement<br>LARAMIE CO - DEBRA K. LEE BY LC | First Lien Released ____ (Date)<br>County Clerk ____ (SEAL)<br>Deputy |
| SECOND LIEN | | Second Lien Released ____ (Date)<br>County Clerk ____ (SEAL)<br>Deputy |
| THIRD LIEN | | Third Lien Released ____ (Date)<br>County Clerk ____ (SEAL)<br>Deputy |

LOOK FOR EAGLE WATERMARK IN SHEET - NOT VALID IF ALTERED OR CHANGED

MV-301 (10/11)

WATERCRAFT CODES

| Vessel Type | | Hull Material | | Propulsion Type | Engine Drive Type |
|---|---|---|---|---|---|
| 1-Canoe/Kayak | 6-Houseboat | 1-Fiberglass | 6-Rigid Hull Inflatable | 1-Propeller | 1-Outboard |
| 2-Open Motorboat | 7-Personal Watercraft (Jet Ski) | 2-Aluminum | 7-Other | 2-Sail | 2-Inboard |
| 3-Rowboat | 8-Sail Boat | 3-Wood | | 3-Waterjet | 3-Inboard/Stern Drive |
| 4-Cabin Motorboat | 9-Other | 4-Steel | | 4-Airthrust | |
| 5-Pontoon Boat | | 5-Rubber/Vinyl/Canvas | | 5-Manual | |

# EXHIBIT “3”

Did you know J.D. Power's industry-leading valuations data drives NADAguides.com? Learn more

NADAguides Value Report 9/16/2020

# 2016 Chevrolet Sonic

## Hatchback 5D LT I4

CHANGE CAR COMPARE

## Values

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $5,100 | $6,025 | $6,775 | $9,275 |
| Mileage (50,353) | $525 | $525 | $525 | $525 |
| Total Base Price | $5,625 | $6,550 | $7,300 | $9,800 |
| **Options** | | | | |
| **Price + Options** | **$5,625** | **$6,550** | **$7,300** | **$9,800** |

Selling Your Car? **Get an Online Offer** in 2 Minutes.

| | |
|---|---|
| **Certified Pre-Owned (CPO)** | +$625 |
| **Certified Price with Options** | **$10,425** |

## CERTIFICATE OF SERVICE

On September 25, 2020, I served the foregoing documents described as Motion for Relief from Stay on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTORS
SETH D BALLSTAEDT help@bkvegas.com

TRUSTEE
RYAN A. ANDERSEN RYAN@NEVADATRUSTEE.COM

US TRUSTEE
US Trustee USTPRegion17.LV.ECF@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll

On September 25, 2020, I served the foregoing documents described as Motion for Relief from Stay on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| | |
|---|---|
| Debtors<br>JUSTIN JOHN BOOKER<br>2219 N RANCH DR BUILDING S1201<br>LAS VEGAS, NV 89108<br><br>LAVONNA LOUISE BOOKER<br>2219 N RANCH DR BUILDING S1201<br>LAS VEGAS, NV 89108 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll